## Dickson v. Coulter

*Marc L. Marks*, for plaintiff.

*Donald R. McKay*, for defendants.

STRANAHAN, J., June 20, 1966.—This matter is before the court on preliminary objections in the nature of a demurrer and a motion to strike the new matter contained in defendant's answer.

On September 20, 1964, plaintiff Dickson and de-

fendant Harry Eugene Coulter were involved in an automobile accident which resulted in serious personal injuries to both parties. Harry M. Coulter, the other defendant, is the father of Harry Eugene Coulter, and is named as a defendant in this case on a theory of agency. Both the Dickson automobile and the Coulter automobile were covered with liability insurance. On July 12, 1964, Coulter commenced a suit in trespass against Dickson, and on July 27, 1965, an appearance was entered for Dickson by his counsel. Dickson's liability insurance company affected a settlement with Coulter in the sum of $15,000, and the case was marked settled and discontinued on August 9, 1965. While Coulter released Dickson and Dickson's liability insurance carrier from any further liability in this matter, Dickson at no time released Coulter or Coulter's carrier from liability. This was not a result of a mistake on anyone's part, but was intentional in that Dickson did not admit liability for the accident.

Suit was filed by Dickson against Coulter on April 4, 1966, and service was made on both Harry M. Coulter and Harry Eugene Coulter on April 7, 1966. Defendants, through their counsel, filed an answer denying the agency and alleging under new matter the fact that a suit had been filed by Coulter against Dickson growing out of the same accident. The allegations of the answer continue by alleging further that Dickson did not file a counterclaim and that Dickson, through his agents, had settled the case with Coulter. Based on this, the answer concludes that plaintiff Dickson, as a result of the settlement of defendant's case, has now admitted liability for the accident.

To the new matter contained in the answer, plaintiff has filed preliminary objections in the nature of a demurrer and a motion to strike.

It is the position of plaintiff Dickson that while he had the right to file a counterclaim, he was not re-

quired to do this, but, rather, could file a separate suit. Pennsylvania Rule of Civil Procedure 1046 provides that a defendant *may* plead a counterclaim which arises from the same transaction or occurrence from which plaintiff's cause of action arose. This section is not mandatory, but gives defendant in the original suit the right to file a separate suit if he elects to do so. In the commentary under the rule (1 Goodrich-Am. 299, §1046-1), it is stated that defendant may at his option either plead his demand against defendant by counterclaim or institute a separate suit. From this interpretation of Pa. R. C. P. 1046, it would appear that plaintiff Dickson had the right to elect to file a separate suit, rather than a counterclaim. This defendant does not dispute, but he argues that Dickson is estopped from filing a separate suit as a result of the settlement of the first suit in which Dickson was defendant. This novel theory, defendant contends, is supported by the general rule of estoppel. This rule, as set forth in 14 P. L. Encyc. 216, §41, is as follows:

"As a general rule, when a party takes a certain position in judicial proceedings and maintains that position, he is estopped subsequently to change his position, adopting a position contrary to the first or inconsistent therewith, providing that such party gained an advantage in adopting the first position, or that the change of position would work prejudice to the adverse party".

While this is the general rule of estoppel, it has no applicability in the present case, since plaintiff Dickson has never changed position during the course of this litigation. While it is true his liability carrier made settlement with Coulter, Dickson has not admitted liability; nor has he given any release in which he waives any of his rights. The mere fact that the insurance company has paid Coulter admits nothing, since oftentimes insurance companies, as a matter of

dollars and cents, will buy their way out of what appears to be a dangerous case. The courts favor compromise in litigation, and it would appear that Dickson's insurance company deemed it best to pay some money and thereby avoid the possibility of later being confronted with what might be a large verdict. This was their choice, however, not Dickson's, and did not in any way divest Dickson of his right to later file suit. The court fails to see any conduct on the part of Dickson, individually, that would mislead or cause any prejudice to Coulter. Such being the case, it is now necessary that the court dispose of plaintiff's demurrer and motion to strike. The preliminary objection in the nature of a demurrer does not have any applicability here.

The motion to strike under Pa. R. C. P. 1017 permits the court to strike off certain portions of a pleading because of impertinent matter. Impertinent matter consists, among other things, of facts which are not material to the issue: County of Northumberland v. Yocum, 25 Northumb. 111. The facts set forth in paragraphs 3, 4, 5 and 6 of defendant's answer and new matter have no materiality to the issue and are impertinent under the definition set forth above.

While the court seldom uses its power to strike impertinent matters from pleadings, such power does exist, and has been used on occasion by the court: Quick v. Lichtenwalner, 84 D. & C. 546; Strause v. Craig, 49 Schuyl. 60. Based on this authority, we hold that plaintiff's motion to strike should be granted.

### ORDER

And now, June 20, 1966, plaintiff's preliminary objection in the nature of a demurrer is dismissed and plaintiff's preliminary objection in the nature of a motion to strike is granted, and paragraphs 3, 4, 5 and 6 of defendants' answer and new matter are hereby stricken from the record.